IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PRECISION BIOLOGICS, LLC | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.   1:19-cv-94 |
| | § | |
| 3 HERITAGE HOLDINGS, LLC | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### A. Parties

1. Precision Biologics, LLC, (here in after referred to as "Plaintiff") is a limited liability company organized under the laws of the state of Texas and has its principal place of business in Texas.

2. 3 Heritage Holdings, LLC, (here in after referred to as "Defendant") is a limited liability company organized under the laws of the state of Oklahoma and may be served with citation through its Registered Agent, Corporation Service Company, 10300 Greenbriar Place, Oklahoma City, OK 730159-7653.

### B. Jurisdiction

3. The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendant are citizens of different U.S. states, and the amount in controversy exceeds $75,000, excluding interest and costs.

### C. Venue

4. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

### D. Conditions Precedent

5. All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

### E. Facts

6. Plaintiff entered into a Product and Consignment Agreement (the "Agreement") with Defendant on January 7, 2018. Pursuant to the Agreement, Plaintiff provided administrative, sales and marketing services from January 2018 through December 2018 and sent invoices for those services. Defendant has refused to fully and accurately compensate the Plaintiff for the work performed under the contract.

### F. Breach of Contract

7. Plaintiffs re-alleges paragraphs 1 through 6 of this Complaint.

8. The Agreement constitutes a valid and binding contractual agreement between Defendant and Plaintiff.

9. Defendant has materially breached the Agreement by failing to, among other things, compensate Plaintiff for its work.  Plaintiff has been damaged as a direct and proximate cause of Defendant's breach.

### G. Second Claim for Relief

10. 9. Plaintiffs re-alleges paragraphs 1 through 9 of this Complaint.

11. Defendant knowingly made the following false statements of Plaintiff, with the intent to deceive Plaintiff into entering into the Agreement:

12. That Plaintiff performed all of their lab services on-sight;

13. That Defendant would be transparent in their dealings with Plaintiff and would provide a portal through which Plaintiff could track the specimens and billing.

14. Defendant knowingly made the false statements with the intent to deceive

Plaintiff regarding revenue owed to Plaintiff under the Agreement.

15. Pleading further, the Plaintiff alleges that the monthly commission reports provided by Defendant to Plaintiff were false and manipulated by Defendant to create expenses above the actual costs of goods sold.

16. Plaintiff was deceived by Defendant's false statements and omissions.

17. Plaintiff's reliance on the omissions and misrepresentations of Defendant was reasonable.

18. Plaintiff exercised ordinary care for their own welfare.

19. As a proximate cause of Defendant's fraudulent acts, Plaintiff has been damaged.

20. In addition, Plaintiff is entitled to punitive damages for Defendant's fraud as Defendant's actions were in bad faith, fraudulent, malicious, willful, wanton, wrongful and reckless.

## H.  Unjust Enrichment

21. Plaintiff re-alleges paragraphs 1 through 21 of this Complaint.

22. Defendant has been unjustly enriched by its actions as alleged herein, which have conferred a benefit upon the Defendant and were the proximate cause of injury to Plaintiff.

## I.  Damages

23. As a direct and proximate result of Defendant's breach, Plaintiff suffered damages to include, but not limited to, lost revenue, lost profit, loss valuation of business, and damage to business reputation and good will.

24. Plaintiff damages are at least $5,200,000, for which amount it now sues.

## J.  Attorney Fees

25. As a result of Defendant's breach, Plaintiff retained the undersigned attorneys

and seeks reimbursement for its reasonable attorney fees, as authorized by Texas Civil Practice & Remedies Code Chapter 38 because this is a suit for breach of a written contract.

### K.  Jury Demand

26. Plaintiff requests a trial by jury.

### L.  Prayer

For these reasons, Plaintiff asks for judgment against Defendant for the following:

1. Actual damages.

2. Prejudgment and postjudgment interest.

3. Court costs.

4. Attorney fees.

5. All other relief to which Plaintiff is entitled.

Respectfully submitted,

SHAW COWART, LLP

*/s/ Ethan L. Shaw*
ETHAN L. SHAW
Texas Bar No. 18140480
elshaw@shawcowart.com
1609 Shoal Creek Blvd., Ste. 100
Austin, Texas 78701
 (512) 499-8900 telephone
 (512) 320-8906 facsimile

ATTORNEY FOR PLAINTIFF